# UNITED STATES DISTRICT COURT

# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| | ) Civil Action No. 08-CV-10544-RWZ |
| J.P. MORGAN CHASE RETIREMENT PLAN, JP MORGAN CHASE BANK, N.A., CIT GROUP INC. RETIREMENT PLAN, and CIT GROUP INC., | ) ) ) ) ) |
| Defendants. | ) ) |
| CIT GROUP, INC. RETIREMENT PLAN and CIT GROUP INC., | ) ) ) |
| Cross-Claim and Counterclaim Plaintiffs, | ) ) ) |
| v. | ) ) |
| JOHN HANCOCK LIFE INSURANCE COMPANY, | ) ) ) |
| Counterclaim Defendant, | ) ) |
| - and - | ) ) |
| PRUDENTIAL FINANCIAL, INC., and PRUDENTIAL RETIREMENT INSURANCE AND ANNUITY COMPANY, JPMORGAN CHASE RETIREMENT PLAN and JPMORGAN CHASE BANK, N.A., | ) ) ) ) ) ) |
| Cross-Claim Defendants | ) ) |

JP MORGAN CHASE RETIREMENT      )
PLAN and JP MORGAN CHASE        )
BANK, N.A.,                     )
                                )
            Cross-Claim and Counter-  )
            Claim Plaintiffs,   )
                                )
v.                              )
                                )
JOHN HANCOCK LIFE INSURANCE     )
COMPANY, PRUDENTIAL FINANCIAL,  )
INC., and PRUDENTIAL RETIREMENT )
INSURANCE AND ANNUITY           )
COMPANY,                        )
            Counter-Claim Defendants,  )
                                )
            -and-               )
                                )
CIT GROUP INC. RETIREMENT PLAN, )
and CIT GROUP INC.,             )
                                )
            Cross-Claim Defendants.  )
_____ )

**ANSWER, COUNTERCLAIMS AND AMENDED CROSS-CLAIMS OF DEFENDANTS
CIT GROUP INC. RETIREMENT PLAN and CIT GROUP INC.**

## ANSWER

Now come Defendants CIT Group Inc. Retirement Plan and CIT Group Inc. (sometimes

collectively referred to herein as "CIT Defendants") and make their answer as follows:

1.      Paragraph 1 of the Second Amended Complaint (hereafter, "Complaint") is a statement

of Plaintiff's intentions in bringing this action and no answer is required.

2.      CIT Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 2 of the Complaint.

3.      CIT Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 3 of the Complaint.

4.      CIT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint.

5.      Admitted.

6.      CIT Defendants admit that CIT Group Inc. is a business corporation organized under the laws of the state of Delaware and is the sponsor for the CIT Retirement Plan. CIT Defendants deny the remaining allegations contained in Paragraph 6 of the Complaint.

7.      Paragraph 7 of the Complaint is a statement of law and no answer is required.

8.      Paragraph 8 of the Complaint is a statement of law and no answer is required.

9.      Paragraph 9 of the Complaint is a statement of law and no answer is required.

10.     Admitted.

11.     CIT Defendants admit that the Hancock Annuity provided a means for funding certain retirement benefits to employees of Commercial Investment Trust Corporation.  CIT Defendants deny the remaining allegations contained in Paragraph 11 of the Complaint.

12.     Admitted.

13.     CIT Defendants admit that in or about 1986 the predecessor of CIT Group Inc. was a subsidiary of Manufacturers Hanover Corporation, and that the retirement plan of said predecessor was merged into the Retirement Plan of Manufacturers Hanover Trust Company and/or certain affiliated companies.  CIT Defendants deny the remaining allegations contained in Paragraph 13 of the Complaint.

14.     CIT Defendants admit that in or about 1989 Manufacturers Hanover Corporation entered into a stock purchase agreement with Dai-Ichi Kangyo Bank, Ltd. and that the parties executed the 1989 Stock Purchase Agreement.  Said agreement speaks for itself and no further answer is required to Paragraph 14 of the Complaint.

15.     CIT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint.

16.     Admitted.

17.     Admitted.

18.     CIT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint.

19.     Admitted.

20.     Admitted.  CIT Defendants deny that said dividends were properly paid to the Morgan Retirement Plan or that said Plan has any lawful right to said dividends.

21.     Admitted.

22.     The document attached as Exhibit A to the Complaint speaks for itself and no further answer is required to Paragraph 22 of the Complaint.

23.     The document attached as Exhibit B to the Complaint speaks for itself and no further answer is required to Paragraph 23 of the Complaint.

24.     Admitted.

25.     CIT Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint.

26.     CIT Defendants admit that they are entitled to all Contract Dividends and Demutualization Proceeds.  CIT Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 26 of the Complaint.

27.     The responses to Paragraphs 1 through 26 of the Complaint are incorporated by reference as if fully set forth herein.

28.     Admitted.

29.     CIT Defendants admit that they are the correct Contract Holder with ownership of the

Hancock Annuity and have demanded to be recognized by John Hancock and Prudential to be

the exclusive owner of the Hancock Annuity and to be paid all assets belonging to it as the

rightful owner of the Hancock Annuity.  CIT Defendants are without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 29

of the Complaint.

30.     CIT Defendants are without knowledge or information sufficient to form a belief as to the

truth of the allegations contained in Paragraph 30 of the Complaint.

31.     Admitted.

32.     Paragraph 32 of the Complaint is a statement of law and no answer is required.

33.     The responses to Paragraphs 1 through 32 of the Complaint are incorporated by reference

as if fully set forth herein.

34.     Paragraph 34 of the Complaint is a statement of law to which no answer is required.

35.     Paragraph 35 of the Complaint is a statement of law to which no answer is required.

Wherefore, CIT Defendants respectfully request that this Court:

        a.      issue an order declaring that CIT Defendants are the legal and/or beneficial

owners and Contract Holders of the Hancock Annuity entitled to all past, present and future

Contract Dividends, Demutualization Proceeds and all other assets relating to such Hancock

Annuity;

        b.      award CIT Defendants their reasonable costs and expenses incurred in this action,

including without limitation their attorney's fees; and

        c.      award such other and further relief as the Court deems just and proper.

## COUNTERCLAIMS

Now come Defendants, Plaintiffs in Counterclaim CIT Group Inc. Retirement Plan ("CIT Retirement Plan") and CIT Group Inc. ("CIT Group") and make their counterclaims as follows:

### PARTIES

1.      Defendant, Plaintiff in Counterclaim CIT Retirement Plan is a qualified pension plan under section 401(a) of the Internal Revenue Code of 1986, as amended.

2.      Defendant, Plaintiff in Counterclaim CIT Group is a business corporation organized under the laws of the state of  Delaware and is the sponsor of CIT Retirement Plan.

3.      Plaintiff, Defendant in Counterclaim John Hancock Life Insurance Company ("John Hancock") admits in the Second Amended Complaint (hereafter, "Complaint") that it was formerly known as John Hancock Mutual Life Insurance Company, is incorporated under the laws of the Commonwealth of Massachusetts and has its principal place of business in Boston, Massachusetts.

### FACTS

4.      John Hancock admits in its Complaint that on or about March 1, 1941, Commercial Investment Trust Corporation, a predecessor of Defendant, Plaintiff in Counterclaim CIT Group, purchased for its retirement plan a participating group annuity contract co-insured by the Connecticut General Life Insurance Company ("Connecticut General") and the John Hancock Mutual Life Insurance Company, designated on Connecticut General's records as Annuity Contract No. GR-100 (the "Hancock Annuity").  This Hancock Annuity funds certain retirement benefits to employees of CIT Group and its predecessor.

5.       John Hancock admits in its Complaint that from the time of purchase to the present Connecticut General and its successor to the Hancock Annuity, Prudential Financial, Inc., agreed

to administer the Hancock Annuity pursuant to its terms and the terms of a certain administration agreement, all as amended.

6.     Defendants, Plaintiffs in Counterclaim CIT Retirement Plan and CIT Group are the legal and/or beneficial owners and Contract Holders of the Hancock Annuity and are entitled to all dividends, demutualization proceeds and other assets arising out of such Hancock Annuity.

7.     John Hancock admits in its Complaint that it has no claim to any dividends or demutualization proceeds or other assets arising out of the Hancock Annuity.

8.     John Hancock admits in its Complaint that between 1998 and 2004 it declared Contract Dividends attributable to the Hancock Annuity totaling, with interest, $3,178,924.96, and that it paid said dividends not to the Plaintiffs in Counterclaim but instead to another party, Defendant J. P. Morgan Chase Retirement Plan.

9.     John Hancock admits in its Complaint that it declared, but has not distributed, Contract Dividends attributable to the Hancock Annuity of $230,455 in 2005, $111,291 in 2006 and $103,992 in 2007.  John Hancock further admits in its Complaint that it may declare Contract Dividends attributable to the Hancock Annuity in the future.

10.    John Hancock admits in its Complaint that John Hancock Mutual Life Insurance Company demutualized in 2000, as a result of which process the Contract Holder of the Hancock Annuity is entitled to receive certain proceeds which consist of more than 150,000 shares of Manulife Financial Corporation having a current value of greater than $5 million.

## COUNT ONE

### (Declaratory Judgment)

11.    Paragraphs 1 through 10 of the Counterclaim are incorporated by reference as if fully set forth herein.

12.     Defendants, Plaintiffs in Counterclaim CIT Retirement Plan and CIT Group are entitled to a declaratory judgment that they are the legal and/or beneficial owners and Contract Holders of the Hancock Annuity and that all past, present and future dividends, Contract Dividends, demutualization proceeds and other assets arising out of the Hancock Annuity are to be remitted over to them.

Wherefore, Defendants, Plaintiffs in Counterclaim CIT Retirement Plan and CIT Group respectfully pray that this Court:

a.     issue an order declaring that Plaintiffs in Counterclaim are the legal and/or beneficial owners of the Hancock Annuity and entitled to all past, present and future dividends, Contract dividends, demutualization proceeds and other assets arising out of the Hancock Annuity, which assets are to be immediately paid over to them;

b.     award Plaintiffs in Counterclaim their reasonable costs and expenses incurred in this action, including but not limited to attorney's fees; and

c.     award such other and further relief as the Court deems just and proper.

## CROSS-CLAIMS

Now come Defendants, Plaintiffs in Cross-claim CIT Group Inc. Retirement Plan ("CIT Retirement Plan") and CIT Group Inc. ("CIT Group") and make their cross-claims as follows:

## PARTIES

1.     Defendant, Plaintiff in Cross-claim CIT Retirement Plan is a qualified pension plan under section 401(a) of the Internal revenue Code of 1986, as amended.

2.     Defendant, Plaintiff in Cross-claim CIT Group is a business corporation organized under the laws of the state of Delaware and is the sponsor for CIT Retirement Plan.

3.      Upon information and belief, Defendant, Defendant in Cross-claim JP Morgan Chase

Retirement Plan ("Morgan Retirement Plan") is a qualified pension plan under section 401(a) of

the Internal Revenue Code of 1986, as amended.

4.      Upon information and belief,  Defendant, Defendant in Cross-claim JP Morgan Chase

Bank, N.A. ("JP Morgan") is a national banking association with principal places of business in

New York State and Ohio, and is the trustee for Morgan Retirement Plan.

## FACTS

5.      On or about March 1, 1941, Commercial Investment Trust Corporation, a predecessor of

CIT Group, purchased for its retirement plan a participating group annuity contract coinsured by

the Connecticut General Life Insurance Company ("Connecticut General") and the John

Hancock Mutual Life Insurance Company, now known as John Hancock Life Insurance

Company ("John Hancock"), and designated on Connecticut General's records as Annuity

Contract No. GR100 (the "Hancock Annuity").  This Hancock Annuity funded certain retirement

benefits for employees of Commercial Investment Trust Corporation.

6.      From the time of purchase to the present Connecticut General and its successor with

respect to the Hancock Annuity, Defendant Prudential Financial, Inc. or Prudential Retirement

Insurance and Annuity Company, agreed to administer the Hancock Annuity pursuant to its

terms and the terms of an administration agreement, all as amended.

7.      In or about 1983 CIT Group's predecessor was acquired by and became a subsidiary of

Manufacturers Hanover Corporation, and, in or about 1986, the predecessor's retirement plan

was merged into the retirement plan of Manufacturers Hanover Trust Company and/or certain

affiliated companies (the "MHT Retirement Plan").

8.      Upon this merger of the retirement plans, the Hancock Annuity was discontinued.

9.      As a result of the discontinuance, the MHT Retirement Plan received approximately

$54.5 million from John Hancock and Connecticut General.  This amount constituted the amount

of funding (and the appreciation thereon) provided by CIT Group and its predecessors that was

in excess of the amount of retirement benefits to be funded by the Hancock Annuity.

10.     Using some of this excess funding, the merged plans purchased an annuity contract from

Prudential Insurance Company of America.  This annuity contract is identified as Group Annuity

Contract No. GA-5426 ("Prudential Annuity").

11.     This Prudential Annuity was purchased with approximately $34 million of the $54.5

million distributed from the Hancock Annuity, which had been funded by CIT Group, as a result

of its discontinuance.  The Prudential Annuity funded the amount of vested benefits belonging to

individuals still working at CIT that had been funded by the Hancock Annuity, up until its

discontinuance.

12.     In or about 1989, Manufacturers Hanover Corporation entered into a stock purchase

agreement with Dai-Ichi Kangyo Bank, Ltd.  As part of that transaction Manufacturers Hanover

Corporation sold 60% of CIT Group's stock to Dai-Ichi, and the CIT Retirement Plan was

reestablished with certain assets and liabilities.

13.     The stock purchase agreement executed by Manufacturers Hanover Corporation and Dai-

Ichi provided that all current employees of CIT Group would be participants in the CIT

Retirement Plan, and that all former employees of CIT Group would also be participants in the

CIT Retirement Plan unless their retirement benefits had been settled through the purchase of

individual annuities by the closing date in 1989.

14.     No settlement occurred by the closing date in 1989 because the documents finalizing the

settlement were not executed until 1992.  Moreover, the settlement was not accomplished

through the purchase of individual annuities, but rather through the conversion of the existing

Hancock Annuity.

15.     Defendants, Plaintiffs in Cross-claim CIT Retirement Plan and CIT Group are the legal

and/or beneficial owners and Contract Holders of the Hancock Annuity and the Prudential

Annuity and are entitled to all dividends, refunds, demutualization proceeds and other assets

arising out of or flowing from said annuities.

16.     From 1998 to 2004, John Hancock declared Contract Dividends on the Hancock Annuity

totaling $3,178,924.96.  Instead of distributing said Contract Dividends to Plaintiffs in Cross-

claim, John Hancock paid said dividends to Defendant in Cross-claim Morgan Retirement Plan.

John Hancock is also currently holding additional Contract Dividends declared on the Hancock

Annuity as part of the interpleader stake.

17.     From 1993 to 2004, Prudential Financial, Inc. or Prudential Retirement and Insurance and

Annuity Company (or their predecessors) declared premium refunds on the Prudential Annuity

totaling $979,579.19.  Instead of distributing said premium refunds to Plaintiffs in Cross-claim,

Prudential Financial, Inc. or Prudential Retirement and Insurance and Annuity Company paid

said refunds to Defendant in Cross-claim JP Morgan, or its predecessors.  Prudential Financial,

Inc. or Prudential Retirement and Insurance and Annuity Company is also currently holding

additional premium refunds declared on the Prudential Annuity until the proper party to be paid

is identified.

18.     In 2002, the Prudential Insurance Company of America underwent a demutualization.  As

part of the demutualization, it distributed 38,987 shares of Prudential Financial, Inc. stock, in

consideration of the Prudential Annuity.  But instead of distributing said stock to Plaintiffs in

Cross-claim, Prudential Financial, Inc. or Prudential Retirement and Insurance and Annuity Company (or its predecessors) delivered said stock to a predecessor of JP Morgan.

19.     Defendants in Cross-claim JP Morgan and Morgan Retirement Plan have no lawful right to any demutualization proceeds or contract dividends declared on the Hancock Annuity or any premium refunds or demutualization proceeds flowing from the Prudential Annuity.  These assets are the property and plan assets of Plaintiffs in Cross-claim for the purpose of funding the retirement benefits of the participants of the CIT Retirement Plan.

20.     Defendants in Cross-claim Morgan Retirement Plan and JP Morgan are in possession and control of plan assets belonging to Plaintiff in Cross-claim CIT Retirement Plan.  Pursuant to section 3(21)(A) of ERISA, 29 U.S.C. sec. 1002(21)(A), Defendants in Cross-claim are fiduciaries with respect to said assets, and pursuant to section  404(a)(1)(A) of ERISA, 29 U.S.C. sec. 1104(a)(1)(A), Defendants in Cross-claim owe CIT Retirement Plan and its beneficiaries a fiduciary duty to use such assets solely for the purpose of providing retirement benefits for said beneficiaries.  Accordingly, Defendants in Cross-claim Morgan Retirement Plan and JP Morgan hold such assets in a constructive trust for the sole benefit of CIT Retirement Plan and its beneficiaries.

## COUNT ONE

### (Declaratory Judgment -- Hancock Annuity)

21.     Paragraphs 1 through 12 of the Counterclaim and paragraphs 1 through 20 of the Cross-claim are incorporated by reference as if fully set forth herein.

22.     Defendants, Plaintiffs in Counterclaim CIT Retirement Plan and CIT Group are entitled to a declaratory judgment that they are the legal and/or beneficial owners and Contract Holders of the Hancock Annuity and that all past, present and future dividends, Contract Dividends,

demutualization proceeds and other assets arising out of the Hancock Annuity are to be remitted over to them.

## COUNT TWO

### (Declaratory Judgment -- Prudential Annuity)

23.     Paragraphs 1 through 12 of the Counterclaim and paragraphs 1 through 22 of the Cross-claim are incorporated by reference as if fully set forth herein.

24.     Defendants, Plaintiffs in Counterclaim CIT Retirement Plan and CIT Group are entitled to a declaratory judgment that they are the legal and/or beneficial owners and Contract Holders of the Prudential Annuity and that all past, present and future dividends, contract refunds, demutualization proceeds and other assets arising out of the Prudential Annuity are to be remitted over to them.

## COUNT THREE

### (Constructive Trust -- Hancock and Prudential Annuities)

25.     Paragraphs 1 through 12 of the Counterclaim and paragraphs 1 through 24 of the Cross-claim are incorporated by reference as if fully set forth herein.

26.     Plaintiffs in Cross-claim are entitled to an order requiring Defendants in Cross-claim to account for all Contract Dividends and any other assets paid to JP Morgan and the Morgan Retirement Plan (or their predecessors) by John Hancock on account of the Hancock Annuity and to hold such assets in constructive trust for the exclusive benefit of the CIT Retirement Plan and its beneficiaries.

27.     Plaintiffs in Cross-claim are entitled to an order requiring Defendants in Cross-claim JP Morgan and Morgan Retirement Plan to account for all demutualization proceeds, premium refunds, and any other assets paid to either of them (or their predecessors) in connection with the

Prudential Annuity and to hold such assets in constructive trust for the exclusive benefit of the CIT Retirement Plan and its beneficiaries.

## COUNT FOUR

### (Breach of Contract -- Prudential Annuity)

28.   Paragraphs 1 through 12 of the Counterclaim and paragraphs 1 through 27 of the Cross-claim are incorporated by reference as if fully set forth herein.

29.   Plaintiffs in Cross-claim are direct or third party beneficiaries of the aforesaid stock purchase agreement entered into by the predecessor of Defendants in Cross-claim with Dai-Ichi Kangyo Bank, Ltd.  Pursuant to said agreement, Plaintiffs in Cross-claim are entitled to all assets and other rights arising out of the Hancock Annuity and the Prudential Annuity.  By receiving and retaining the Contract Dividends, premium refunds, and demutualization proceeds, JP Morgan and Morgan Retirement Plan have breached the contractual rights of Plaintiffs in Cross-claim.  Plaintiffs in Cross-claim have been damaged by said breach of contract in an amount equal to the value of all Contract Dividends, premium refunds, and demutualization proceeds received by JP Morgan and Morgan Retirement Plan in connection with the Hancock Annuity and Prudential Annuity, plus interest.

WHEREFORE, Defendants, Plaintiffs in Cross-claim CIT Retirement Plan and CIT Group pray that this Court:

a.   issue an order that CIT Retirement Plan and CIT Group are entitled to a declaratory judgment that they are the legal and/or beneficial owners and Contract Holders of the Hancock Annuity and that all past, present and future dividends, Contract Dividends, demutualization proceeds and other assets arising out of the Hancock Annuity are to be remitted over to them, and order that Johan Hancock and Prudential Retirement Insurance and Annuity

Company and Prudential Financial Inc. remit all such demutualization proceeds, future

dividends, and other assets to CIT Retirement Plan or CIT Group, and that Defendants in Cross-

claim JP Morgan and Morgan Retirement Plan remit all such past demutualization proceeds,

dividends, and other assets that have already been distributed to them or their predecessors;

      b.      issue an order that CIT Retirement Plan and CIT Group are entitled to a

declaratory judgment that they are the legal and/or beneficial owners and Contract Holders of the

Prudential Annuity and that all past, present and future dividends, contract refunds,

demutualization proceeds and other assets arising out of the Prudential Annuity are to be

remitted over to them, and order that Prudential Retirement Insurance and Annuity Company and

Prudential Financial Inc. remit all such demutualization proceeds, future refunds, and other

assets to CIT Retirement Plan or CIT Group, and that Defendants in Cross-claim JP Morgan and

Morgan Retirement Plan remit all such past demutualization proceeds, refunds, and other assets

that have already been distributed to them or their predecessors;

      c.      enter an order requiring Defendants in Cross-claim JP Morgan and Morgan

Retirement Plan to account for all dividends, refunds, demutualization proceeds, and any other

assets paid to them or their predecessors on account of the Hancock Annuity and the Prudential

Annuity, and to hold such assets in constructive trust for the exclusive benefit of the CIT

Retirement Plan and its beneficiaries;

      d.      enter an order requiring Defendants in Cross-claim JP Morgan and Morgan

Retirement Plan to pay over to Plaintiffs in Cross-claim all assets held in constructive trust;

      e.      award Plaintiffs in Cross-claim all damages arising out of the breach of contract

by Defendants in Cross-claim JP Morgan and Morgan Retirement Plan, including but not limited

to all Contract Dividends, premium refunds, demutualization proceeds, and any other assets

received by said Defendants in Cross-claim or their predecessors relating to the Hancock

Annuity and Prudential Annuity, plus interest;

      f.      award Plaintiffs in Cross-claim their reasonable costs and expenses incurred in

this action, including but not limited to attorney's fees; and

      g.      award such other and further relief as the Court deems just and proper.


             Respectfully submitted,

             CIT GROUP INC. RETIREMENT PLAN
             and CIT GROUP INC.

             By their attorneys,


              /s/  Breton Leone-Quick
             Michael S. Gardener (BBO #185040)
             Breton Leone-Quick (BBO #655571)
             MINTZ, LEVIN, COHN, FERRIS
              GLOVSKY AND POPEO, P.C
             One Financial Center
             Boston, Massachusetts 02111
             (617) 542-6000

January 21, 2010

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

<u>  /s/  Breton Leone-Quick     </u>